**Wayne Ronald MONTGOMERY, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5198.**

District of Columbia Court of Appeals.

Argued June 23, 1970.

Decided July 28, 1970.

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

Warren L. Miller, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Philip L. Cohan, Asst.

U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

This is an appeal from a conviction of attempted unauthorized use of a motor vehicle. Two police officers testified that at about 5:30 a. m. in response to a radio call reporting "drag racing" at a named location, they went there and observed an automobile, in a wide alley, going rapidly in circles, with the tires squealing; that when the car stopped, appellant, the only occupant, stepped out. One officer asked appellant for his permit and registration card, and appellant replied that he had neither and that the car was not his. To another inquiry, appellant stated he did not know who owned the car. The officer then made a call to the radio dispatcher and asked if the car had been reported as stolen. He received a negative reply, and then asked appellant if he had stolen the car. Appellant replied "yes" and was then put under arrest. The owner of the car testified he did not know his car was missing until notified by the police and that he did not know appellant and had never given him permission to use the car.

Appellant's testimony was that he was "just walking through the alley" at the time the car stopped, that he was not the driver of the car and at no time had been in the car.

■ Appellant contends it was error to admit the officer's testimony that appellant admitted he had stolen the car, because he had not been given his *Miranda*[1] warning before making the statement. In our opinion the facts here do not establish a "custodial interrogation" condemned by

*Miranda*, but show instead an on-the-street investigation by the officers. The officers were investigating a reported traffic violation and appellant's statement that he did not know who owned the car raised the possibility of the more serious crime of a stolen car, and it was natural and proper for the officers to inquire how the car had come into appellant's possession. The situation was very similar to that in Allen v. United States, 129 U.S.App.D.C. 61, 64, 390 F.2d 476, 479 (1968),[2] where the court said:

> The courts must look to the essence of the situation and it seems to us clear that the essence here was not an officer staging an interrogation that had focused on a subject but an officer reacting to a street scene and trying to run down the facts. There were two men before him, one reflecting signs of a possible assault, and he aked first one and then the other, what happened? We think that when the officer asked appellant if he had beaten Jeffries, he had not yet made a determination to arrest for assault but was rather engaged in sorting out the facts in a type of street investigation. *Miranda* did not require the officer to preface with the several warnings therein outlined the questions put to this appellant.

■ Furthermore if there was error in admitting the evidence, in our opinion it was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The trial was without a jury and in finding appellant guilty the trial judge made it plain he based his finding on the testimony of the two officers as to what they observed and not what appellant admitted. There was no doubt appellant was not authorized to use the car. The only question was did he use it, and the trial court accepted the

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. *See also* Annot., 25 A.L.R.3d 1076.

direct and unequivocal testimony of the two officers that appellant did use the car.

Finally, there was no objection to the questioned testimony. The officer testified he spoke to appellant when appellant stepped out of the car, and when asked what he said, the officer replied: "I asked. * * *" Counsel for appellant interrupted with the one word "objection", but gave no ground for his objection. The officer then stated his inquiry of appellant concerning his driver's permit and registration card, and related his stolen car check, and then stated he had a further conversation with appellant and asked if he had stolen the car. No objection was made at this time. The only objection was properly overruled.

Affirmed.